Jorge Luis CAPUCHINO-
LOPEZ, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 14-73435

United States Court of Appeals,
Ninth Circuit.

Submitted December 14, 2016 *

Filed December 20, 2016

Karla L. Kraus, Esquire, Attorney,
Kraus Law Corporation, San Diego, CA,
for Petitioner

Chief Counsel ICE, Office of the Chief
Counsel, Department of Homeland Securi-
ty, San Francisco, CA, Eric Warren Mar-
steller, Esquire, Senior Litigation Counsel,
OIL, DOJ—U.S. Department of Justice,
Civil Division/Office of Immigration Litiga-
tion, Washington, DC, for Respondent

Before: WALLACE, LEAVY, and
FISHER, Circuit Judges.

MEMORANDUM **

Jorge Luis Capuchino-Lopez, a native
and citizen of Mexico, petitions for review
of the Board of Immigration Appeals
("BIA") order denying his motion to re-
open removal proceedings. Our jurisdiction
is governed by 8 U.S.C. § 1252. We review
for abuse of discretion the denial of a
motion to reopen. *Singh v. Holder,* 771
F.3d 647, 650 (9th Cir. 2014). We grant in
part and dismiss in part the petition for
review, and remand.

Capuchino-Lopez moved to reopen so
that he could pursue an I-601A provisional
waiver of inadmissibility pursuant to 8
C.F.R. § 212.7(e). At that time, an individ-
ual who had been in removal proceedings
was eligible for the waiver only if the
agency had administratively closed pro-
ceedings, instead of entering a removal
order. *See* 8 C.F.R. § 212.7(e)(4) (2013).

The BIA correctly noted that Capuchi-
no-Lopez' final order of removal rendered
him ineligible for the waiver. However, the
BIA abused its discretion in denying Ca-
puchino-Lopez' motion to reopen because
it appears not to have considered whether
he was entitled to reopening as a matter of
discretion. *See* 8 C.F.R. § 1003.2(a); *Singh,*
771 F.3d at 653 (the BIA's denial of a
motion to reopen on jurisdictional grounds
was legal error, and thus an abuse of
discretion, because it had authority to re-
open under 8 C.F.R. § 1003.2(a)). We
therefore grant the petition in part and
remand for further proceedings.

We grant Capuchino-Lopez' motion to
take judicial notice of the BIA's January
20, 2015, decision and the approval notice
of his I-130 visa petition (Docket Entry
No. 13). *See Dent v. Holder,* 627 F.3d 365,
371 (9th Cir. 2010) (taking judicial notice of
agency records).

Capuchino-Lopez contends that the
BIA erred in its October 7, 2014, decision
by determining that he had not submit-
ted evidence that an I-130 petition had
been filed on behalf. However, the BIA's
subsequent January 20, 2015, decision,
which was included with Capuchino-Lo-
pez' motion to take judicial notice, ex-

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

pressly corrected the BIA's earlier error in this regard. Accordingly, we dismiss this contention as moot. *See Pedroza–Padilla v. Gonzales,* 486 F.3d 1362, 1364 n.2 (9th Cir. 2007); *see also United States v. Strong,* 489 F.3d 1055, 1059 (9th Cir. 2007) ("An appeal is moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." (citation and internal quotation marks omitted)).

Capuchino–Lopez' motion for remand to the BIA pending the outcome of his recent application for Deferred Action for Childhood Arrivals (Docket Entry No. 26) is denied as unnecessary.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.